UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICIA GREINER,

                              Plaintiff,

v.                                         **DECISION AND ORDER**
                                                          04-CV-550S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

      1.      Plaintiff Patricia Greiner challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she became disabled on May 22, 2002, due to arthritic knees and depression. Plaintiff contends that her physical and mental conditions render her unable to work. She therefore asserts that she is entitled to payment of benefits under the Act.

      2.      Plaintiff filed applications for disability insurance benefits and supplemental security income on August 20, 2002. After her applications were denied, Plaintiff requested a hearing before an ALJ, which was held on January 13, 2004. The ALJ considered Plaintiff's case *de novo*, and on April 26, 2004, issued a decision denying Plaintiff's applications for benefits. On June 9, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on July 26, 2004, challenging Defendant's final decision.[1]

      3.      On March 17, 2005, Defendant filed a Motion for Judgment on the Pleadings

---

[1] The ALJ's April 26, 2004 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff filed a cross-motion seeking the same relief on June 15, 2005.  This Court took the motions under advisement without oral argument on June 24, 2005.  For the reasons stated below, Defendant's motion will be granted and Plaintiff's motion will be denied.

      4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is evidence that amounts to "more than a mere scintilla."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

      5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination

considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.   This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.   While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this

3

inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

      9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 20);[2] (2) Plaintiff's impairments qualified as "severe" within the meaning of the Act (R. at 20); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 20); (4) Plaintiff retained the residual functional capacity to "lift/carry/push/pull 10 pounds; sit 6 hours in an 8 hour day and stand/walk 2 hours in an 8 hour day; she has occasional limitations in the ability to kneel, squat and understand, remember and carry out detailed instructions" (R. at 19, 20); and (5) Plaintiff is able to perform her past relevant work at the Christian Broadcast Network because it does not require the performance of work-related activities precluded by her residual functional capacity (R. at 20).

      10.      Plaintiff contends that the ALJ's decision is erroneous and must be reversed. She first argues that the ALJ failed to consider her hand spasms, her numbness, and her inability to walk significant distances. She contends that these limitations preclude her from performing the full range of sedentary work because she cannot perform tasks requiring bilateral manual dexterity.

---

[2] Citations to the underlying administrative record are designated as "R."

The ALJ's decision clearly indicates that he considered Plaintiff's hand conditions and claimed inability to walk. (R. at 18.) However, the ALJ found that these complaints were not credible and that the evidence did not support the severity of the conditions as claimed by Plaintiff. (R. at 18, 20.) Indeed, the record does not support Plaintiff's contention that her hand conditions were disabling, or that she could not walk for significant distances.

Dr. Christine Holland found that Plaintiff's hand and finger dexterity were intact and that her grip strength was full in both hands. (R. at 224.) She also found that Plaintiff's gait and stance were normal and that Plaintiff was in no acute distress. (R. at 223.) Moreover, Dr. Vijay Bojedla found that Plaintiff had only moderate limitations on her ability to walk and stand. (R. at 303.) These findings constitute substantial evidence in the record upon which the ALJ was entitled to rely. In addition, Plaintiff herself testified that she is able to cook, clean, wash dishes, make her bed, sweep, shop, attend church, visit friends, drive, and write essays and greeting cards, all of which are activities that are inconsistent with her claims of significant hand pain and inability to walk. (R. at 366-69.)

This Court finds no error in the ALJ's treatment of Plaintiff's hand conditions and alleged inability to walk. He considered those conditions and found them not to be completely credible – a determination that is supported by substantial evidence in the record. See Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979)("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."). Plaintiff has not identified any evidence in the record that supports her position that these conditions were disabling. Consequently, this Court finds no cause to reverse

5

the ALJ on this point.

11.     Plaintiff's second argument is that the ALJ failed to consider Dr. Renee Baskin-Creel's findings relative to her mental state.  She contends that Dr. Baskin-Creel's findings demonstrate that she would be prevented from performing any of the public-related tasks associated with her past relevant work experience at Christian Broadcast Network.

The ALJ included Dr. Baskin-Creel's findings in his decision.  (R. at 17.)  Therein, he discussed the fact that Dr. Baskin-Creel diagnosed Plaintiff with major depressive disorder, moderate, without psychotic features.  (Id.)  He also recounted how Dr. Baskin-Creel found that Plaintiff "would be able to follow and understand simple directions and instructions and consistently perform simple tasks . . . [but] would have difficulty with just about all other tasks including maintaining attention and concentration, learning new tasks, performing complex tasks independently, making appropriate decisions, relating adequately with others and appropriately dealing with stress."  (Id.)

The ALJ accepted Dr. Baskin-Creel's opinion that Plaintiff had concentration difficulties and trouble completing complex tasks, as he identified a limitation on her ability to "understand, remember and carry out detailed instructions" in his residual functional capacity assessment.  (R. at 19.)

Plaintiff, however, argues that the ALJ did not properly credit Dr. Baskin-Creel's findings that she is unable to relate to others, deal with stress, perform tasks requiring attention and concentration or learn new tasks.  These findings, however, are inconsistent with some of Dr. Baskin-Creel's own findings that Plaintiff's attention and concentration were sufficient and that she could perform simple calculations.  (R. at 229.)  They are also

inconsistent with her findings that Plaintiff's mood and affect were full and appropriate and that her memory skills were only mildly impaired. (Id.)  In addition, Dr. Baskin-Creel found that Plaintiff's cognitive function and insight were good. (Id.)

In addition to Dr. Baskin-Creel's findings being internally inconsistent, they are inconsistent with findings made by Dr. Thomas Ryan and Dr. George Burnett.  Dr. Ryan noted that Plaintiff could maintain concentration and attention, perform simple tasks, learn new tasks, and relate with others and deal with stress. (R. at 331.)  Dr. Burnett, a state agency consulting physician, found that Plaintiff had no significant limitations on her ability to understand, remember and carry out short, simple instructions or work in coordination with others. (R. at 252.)  He also found no significant limitation on Plaintiff's ability to interact appropriately with the public or maintain socially appropriate behavior. (R. at 253.)

Accordingly, this Court finds that the ALJ did not completely disregard Dr. Baskin-Creel's opinion, but rather, credited that portion of her opinion that was consistent with the other medical evidence in the record.  As noted, the record contains competing evidence from Drs. Ryan and Burnett on the issue of Plaintiff's ability to relate to others, perform simple tasks, and learn new tasks.  It is, however, the Commissioner, not this Court, who is charged with weighing conflicting evidence and reaching a supportable conclusion. See Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).  This Court finds that the ALJ has done so here.

12.     Finally, Plaintiff argues that the ALJ erred by failing to call a vocational expert to testify about what effect, if any, Plaintiff's physical and mental limitations would have on her ability to perform her past work.  However, since this case was decided at Step 4 of the evaluative process, the ALJ was not required to use a vocational expert. See 20 C.F.R.

§ 404.1560(b)(2) (use of a vocational expert is at discretion of the ALJ at Step 4).  In any event, the ALJ was permitted to rely on Plaintiff's description of her prior employment to determine whether she could return thereto without exceeding her residual functional capacity.  This Court therefore finds this argument unpersuasive.

13.   After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case that Plaintiff is not disabled within the meaning of the Act and that she can return to her former position as a clerk at Christian Broadcast Network without exceeding her residual functional capacity.  The medical evidence and opinions contained in the record, in conjunction with Plaintiff's testimony, support the ALJ's determination. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted.  Plaintiff's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated:   July 19, 2006
            Buffalo, New York

                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          United States District Judge